IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARK L. BRYAN,

    Defendant.
_____/

No. CIV S-04-2363 WBS JFM PS

<u>AMENDED</u>[1]

<u>FINDINGS AND RECOMMENDATIONS</u>

    Plaintiff's motion for summary judgment came on regularly for hearing June 2, 2005. G. Patrick Jennings, Trial Attorney, Tax Division, United States Department of Justice, appeared for plaintiff. Defendant appeared in propria person. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of defendant and counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. <u>Background</u>

    Defendant Mark L. Bryan (hereinafter referred to as "Defendant") is an individual who has previously brought actions against the Internal Revenue Service (hereinafter the "IRS")

/////

---

[1] The June 6, 2005 Findings and Recommendations are amended to reflect that the hearing on plaintiff's motion for summary judgment took place on June 2, 2005, and Mr. Jennings appeared in person.

1

seeking relief from the assessment and collection of taxes and liens.[2]  See Bryan v. Gillen, CIV S-04-1481 DFL GGH PS; Bryan v. Gillen, CIV S-04-1942 DFL GGH PS.)  Defendant has filed UCC Financing Statements which are liens encumbering property of certain government employees who were involved in the IRS seizures of defendant's property and the related litigation thereafter.  The United States filed its complaint on November 4, 2004 seeking declaratory relief that the UCC Financing Statements filed by defendant are null, void and of no legal effect and for permanent injunctions enjoining defendant from filing any further documents which purport to create a non-consensual lien or encumbrance against the person or property of any government employee.

Defendant was personally served with process on December 16, 2004.  (Docket No. 7.)  Plaintiff first filed a motion for summary judgment on April 1, 2005.  An amended motion for summary judgment was filed on April 7, 2005.  By minute order filed April 29, 2005, the hearing on plaintiff's motion was continued from May 19, 2005 to June 2, 2005.  Defendant was properly served with the motions for summary judgment.  (See Docket Nos. 23, 26 & 31.)

This court has jurisdiction over these claims under 28 U.S.C. § 1345 and Internal Revenue Code § 7402(a).

II. Standards for a Motion for Summary Judgment

Summary judgment is appropriate when it is demonstrated by a party that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A party may seek summary judgment on all or any part of another party's claims.  Id.  The moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

---

[2] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  Id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  Summary judgment should be granted "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish that a genuine issue as to any material fact does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings but is required to tender evidence of specific facts in the form of affidavits and/or admissible discovery material in support of the contention that a dispute exists.  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The party opposing summary judgment must show that any fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987); Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In trying to establish the existence of a factual dispute, the party opposing summary judgment need not establish a material issue of fact conclusively in his or her favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the

parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

The evidence of the party opposing summary judgment is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the party opposing summary judgment.  Anderson, 477 U.S. at 255; Matsushita, 475 U.S. at 587.  Inferences will not be drawn out of the air, however; it is the opposing party's obligation to produce a factual predicate from which an inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

III.  Undisputed Facts

1. In the course of his official IRS duties, Revenue Officer Gregory Gillen was assigned to collect an unpaid Trust Fund Recovery Penalty and secure unfiled tax returns from Mark L. Bryan.  (Gillen Decl. at ¶ 2.)

2. Defendant caused the following documents to be filed with the Secretary of State of the State of California:

| Date Filed | Document Title | Filed Against |
|---|---|---|
| June 28, 2004 | UCC Financing Statement $477,546,696.00 | Commissioner Mark W. Everson<br>Revenue Officer Gregory Gillen<br>Revenue Officer Stephanie Hart<br>Revenue Officer Bill Ryder<br>Group Manager Michael Rockwell<br>Program Manager John Tam<br>Examination Manager Dennis Parizek<br>Compliance Service Field Director Thomas D. Mathews |

4

| | | |
|---|---|---|
| July 16, 2004 | UCC Financing Statement Amendment $97,906,623,613.92 | Revenue Officer Gregory Gillen |

(Jennings Decl., Exs. A & B.)

  3. At all times pertinent to this action, Mark W. Everson was the Commissioner of the Internal Revenue Service and Gregory Gillen, Stephanie Hart, Michael Rockwell, John Tam, Bill Ryder, Dennis Parizek and Thomas D. Mathews were officers or employees of the Internal Revenue Service (hereinafter the "IRS employees"). (Gillen Decl., Hart Decl., Reynolds' Decl., Rockwell Decl., Mathews' Decl. and Parizek Decl., ¶ 1.)

  4. None of the IRS employees are personally acquainted with defendant and none have had any contact or relationship with him other than in their official capacity with the Internal Revenue Service. None of the IRS employees has engaged in any contract or personal transaction with defendant and none owe defendant money. There is no legitimate reason for defendant to impose a lien on the personal property of the IRS employees. (Id., ¶¶ 2, 3, 4.)

  5. The IRS employees are aware of the false Financing Statements that defendant filed against them with the office of the California Secretary of State. The Financing Statements have caused them to experience distress and anxiety. For example, the IRS employees are concerned that defendant's Financing Statements may have a negative impact on their permanent credit record. The names of the IRS employees appear in the ChoicePoint commercial database as defendant's debtor as a result of the filing of the Financing Statements. (Id., ¶¶ 4, 5.)

IV. <u>Analysis</u>

  Internal Revenue Code § 7402(a) grants district courts jurisdiction to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." I.R.C. § 7402(a); see <u>Ryan v. Bilby</u>, 764 F.2d 1325, 1327 (9th Cir. 1985). The Ninth Circuit has found that § 7402(a) "empowers the district court to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." <u>Ryan v. Bilby</u>, 764 F.2d at 1327; see also <u>Cook v. Peter Kiewit Sons Co.</u>, 775 F.2d 1030,

1035 (9th Cir. 1985), cert. denied, 476 U.S. 1183 (1986); United States v. Ekblad, 732 F.2d 562, 563 (7th Cir.1984); United States v. Hart, 701 F.2d 749, 750 (8th Cir.1983); see also United States v. Van Dyke, 568 F.Supp. 820 (D.Or.1983) (enjoining the filing of common-law liens to harass IRS employees and thereby deter enforcement of the tax laws).

      Defendant has provided no evidence demonstrating that these UCC Financing Statements are based on legitimate debt or law, or controverting the undisputed facts set forth above. Rather, defendant has provided copies of documents, for example, "Notice of International Commercial Claim Administrative Remedy," "Notice of Fault-Opportunity to Cure," "Notice of Demand and Settlement for Closing of Escrow," "Contractual and Final Notice of Demand and Settlement for Closing of the Escrow," and "Notarial Protest and Notice of Administrative Judgment Certificate of Dishonor," all of which appear to be created by defendant and none of which have been adjudicated in a court of law.[3] It appears defendant believes the debt arose as a result of IRS Revenue Officer Gillen's failure to respond when defendant mailed these documents to Officer Gillen. However, as noted by plaintiff, courts do not recognize the legality of such a "lien." United States v. Andra, 923 F.Supp. 157, 159-60 (D. Idaho 1996). Defendant has not provided any evidence of a contractual or other legal relationship with Officer Gillen or other IRS representatives to establish the validity of the UCC Financing Statements defendant filed.

      After carefully reviewing the record, this court finds that the UCC Financing Statements filed by defendant are frivolous devices used to harass government employees. Thus, the liens are non-consensual, non-judicial and non-statutory liens and should be declared null and void. Because there are no genuine issues of material fact, plaintiff's motion for summary

---

[3] In his April 27, 2005 "Objection to Plaintiff's Motion for Summary Judgment," defendant asks the court to order plaintiff to respond to these documents or, in the alternative, to dismiss this case for failure to state a claim upon which relief can be granted. This request is similar to defendant's motions to dismiss filed May 24, 2005, March 4, 2005, and February 14, 2005, and his motions to quash filed January 4 and 19, 2005. In light of the instant findings and recommendations, defendant's request and motions should also be denied.

judgment should be granted.  The "liens" placed by defendant on the IRS employees' property have no basis in law or in fact.  Further, 26 U.S.C.A. § 7402(a) allows the Court to expunge such liens from county records.  Ryan v. Bilby, 764 F.2d 1325 (9th Cir.1985).

V. Injunction

Plaintiff also seeks an injunction enjoining defendant from filing any document or instrument which purports to create a non-consensual lien or encumbrance of any kind against any employee of the federal government.  Injunctive relief is available to a party who demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious question are raised and the balance of hardship tips in its favor." Sammartano v. First Judicial District Court in and for the County of Carson City, 303 F.3d 959, 965 (9th Cir. 2002).

Plaintiff has demonstrated success on the merits as noted above.  The actions of defendant, in filing these UCC Financing Statements, also impose irreparable harm upon the employees of the federal government with whom defendant quarrels.  These false liens potentially cloud title to property owned by the IRS employees and damage their credits ratings as well.  Moreover, these false liens "threaten substantial interference with the administration and enforcement of the Internal Revenue laws." United States v. Hart, 545 F.Supp. 470, 473 (D.N.D. 1982), aff'd, 701 F.2d 749 (8th Cir. 1983).

The IRS employees will suffer harm if an injunction is not granted.  Because these UCC Financing Statements have no factual or legal basis and thus are of no legal effect, defendant will not be injured by an injunction which enjoins him from filing similar non-consensual common law liens or encumbrances in the future.  See In re Martin-Trigona, 763 F.2d 140, 141-42 (2nd Cir. 1985), cert. denied, 474 U.S. 1061 (1986).  Thus the balance of hardships tips in plaintiff's favor.

Finally, this court finds that the public interest will be served by an injunction forbidding this harassment in the future, and such an injunction should issue.  Title 26 U.S.C.

7

§ 7402 authorizes this court to make such orders as are necessary for the enforcement of the internal revenue laws. See United States v. Hart, supra. Although political expression must not be foreclosed, harassment of federal employees in their personal lives should be.

VI. Recommendation

Based upon the foregoing IT IS HEREBY RECOMMENDED that:

1. Plaintiff's April 1, 2005 motion for summary judgment be granted and judgment for plaintiff be entered on all claims.

2. Any UCC Financing Statement which purports to create a lien or any other non-consensual lien or encumbrance filed by defendant or against the person or property of any IRS employee or others who authorized and/or performed any act in connection with the assessment or collection of defendant's tax liabilities be declared null and void *ab initio* and declared to have no force and effect.

3. An order may be filed and recorded by the United States with the California Secretary of State, any county clerk's office, assessor's office, or registrar of deeds in the state of California where such liens have or will be filed by defendant.

4. Regardless of nomenclature, caption, title, or terms used to describe the document, Mark L. Bryan should be permanently enjoined from filing, or attempting to file, any document or instrument which purports to create a lien or any other purported non-consensual lien or encumbrance against the person or property of the above named IRS employees or others who authorized and/or performed any act in connection with the assessment or collection of defendant's tax liabilities.

However, this recommended permanent injunction should not prevent defendant from applying to any state or federal court of competent jurisdiction in order to obtain relief of any non-frivolous legal claim, and this recommended injunction should not apply to or prohibit liens lawfully created by any judgment of a court of competent jurisdiction.

/////

It is further recommended that willful violation of this order shall be punished by fine or imprisonment, or both.

5. An order be entered specifically declaring and adjudging that the UCC Financing Statements filed against Mark W. Everson, Gregory Gillen, Stephanie Hart, Michael Rockwell, John Tam, Bill Ryder, Dennis Parizek and Thomas D. Mathews are null, void and of no legal effect.

6. Defendant's February 14, 2005, March 4, 2005 and May 24, 2005 motions to dismiss (docket Nos. 14, 15 & 35) be denied.

7. Defendant's January 4, 2005 and January 19, 2005, motions to quash (docket Nos. 8 & 9) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 16, 2005.

UNITED STATES MAGISTRATE JUDGE

001; bryan.msja