IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

MARK L. BRYAN,

        Defendant.
_____/

No. CIV S-04-2363 WBS JFM PS

FINDINGS AND RECOMMENDATIONS

        Defendant, proceeding pro se, has filed a motion pursuant to Fed. R. Civ. P. 60(b)(4) for relief from the judgment entered in this action on July 25, 2005.

        Defendant Mark L. Bryan (hereinafter referred to as "Defendant") is an individual who has previously brought actions against the Internal Revenue Service (hereinafter the "IRS") seeking relief from the assessment and collection of taxes and liens.[1]  See Bryan v. Gillen, CIV S-04-1481 DFL GGH PS; Bryan v. Gillen, CIV S-04-1942 DFL GGH PS.)  Defendant has filed UCC Financing Statements which are liens encumbering property of certain government employees who were involved in the IRS seizures of defendant's property and the related litigation thereafter.  The United States filed its complaint on November 4, 2004 seeking

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

declaratory relief that the UCC Financing Statements filed by defendant are null, void and of no legal effect and for permanent injunctions enjoining defendant from filing any further documents which purport to create a non-consensual lien or encumbrance against the person or property of any government employee.

Both parties filed dispositive motions. On June 20, 2005, the undersigned issued findings and recommendations recommending that defendant's motion to dismiss be denied and plaintiff's motion for summary judgment be granted. On July 25, 2005, the district court adopted the findings and recommendations in toto and judgment was entered. On August 3, 2005, defendant filed a motion for relief from judgment, claiming the judgment is void for lack of jurisdiction. Fed. R. Civ. P. 60(b)(4).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b). In the instant motion, defendant continues to argue, *inter alia*, that his "Agreement/Contracts Notice of International Commercial Claim in Admiralty Administrative Remedy," file #MLB04022004, and "Notice of International Commercial Claim Within the Admiralty ab initio Administrative Remedy," file #MLB1204JENNINGS, (Docket Nos. 41 and 42) are valid and binding and support the UCC Financing Statements; thus the liens filed are valid and should not be removed.

Defendant's arguments were raised by defendant and resolved adversely to him in the proceedings on plaintiff's motion for summary judgment. (See Findings and Recommendations, filed June 20, 2005, at 5-7.) Defendant has not provided any evidence

1  demonstrating that the UCC Financing Statements are based on legitimate debt or law, or
2  controverting the undisputed facts set forth in the June 20, 2005 findings and recommendations.
3  (Id. at 6-7.)  Defendant has raised no grounds sufficient to support relief from the judgment
4  entered in this action; thus, defendant is not entitled to relief from the judgment entered in this
5  action.

6        Accordingly, IT IS HEREBY RECOMMENDED that defendant's August 3, 2005
7  motion for relief from judgment be denied.

8        These findings and recommendations are submitted to the United States District
9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
10 days after being served with these findings and recommendations, any party may file written
11 objections with the court and serve a copy on all parties.  Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
13 shall be served and filed within ten days after service of the objections.  The parties are advised
14 that failure to file objections within the specified time may waive the right to appeal the District
15 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
16 DATED: August 23, 2005.

                      UNITED STATES MAGISTRATE JUDGE

20 001
   brya2363.60b